## Thomas J. NEARY

v.

## THE PRUDENTIAL INSURANCE COMPANY OF AMERICA.

### No. 3:96CV1513(AHN).

United States District Court,
D. Connecticut.

Aug. 27, 1999.

Thomas Meiklejohn, Peter Goselin, Livingston, Adler, Pulda & Meiklejohn, Hartford, CT, for Plaintiff.

Benjamin Solnit, Timothy Pothin, Ronald Cohen, Tyler, Cooper & Aleorn, New Haven, CT, for Defendant.

### RULING ON PENDING MOTIONS

NEVAS, District Judge.

On August 7, 1996, the plaintiff, Thomas J. Neary ("Neary"), originally filed suit in this Court against the defendant, The Prudential Insurance Company of America ("Prudential"), alleging wrongful termination. On February 24, 1997, this Court granted Prudential's motion to compel arbitration. Over a year and a half later, on October 26, 1998, a NASD panel of arbitrators granted summary judgment in favor of Prudential.

Now pending before the Court are Neary's Application to Vacate Arbitration

Award and Prudential's Cross–Motion to Confirm the Arbitration Award. For the following reasons, the Application to Vacate [doc. # 22] is GRANTED and the Cross–Motion to Confirm [doc. # 26] is DENIED.

## STANDARD

■ The Federal Arbitration Act, 9 U.S.C. §§ 1–16 ("FAA"), sets forth the primary reasons for which an arbitration award may be set aside.[1] In addition, the Second Circuit has "recognized that an arbitration award may be vacated if it is in 'manifest disregard of the law.'" *Halligan v. Piper Jaffray, Inc.*, 148 F.3d 197, 202 (2d Cir.1998) (citations omitted). The manifest disregard of the law doctrine has a "severely limited" reach, *id.* (quoting *Government of India v. Cargill, Inc.*, 867 F.2d 130, 133 (2d Cir.1989)), and " 'clearly means more than error or misunderstanding with respect to the law,'" *id.* (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker*, 808 F.2d 930, 933 (2d Cir. 1986)). Under this standard, in order to modify or vacate an award, "a court must find both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case." *Id.* (citation and footnote omitted).

## DISCUSSION

Neary raises several issues in support of his motion to vacate. Most of these issues do not need to be considered at this time. However, the Court notes that Neary's attempt to have this Court reconsider its decision to compel arbitration in this case is unavailing. Under the Local Rules, motions for reconsideration must be filed "within ten (10) days of the filing of the decision or order from which such relief is sought." D. Conn. L. Civ. R. 9(e). Neary's failure to seek reconsideration within the time limit negates any arguments regarding the motion to compel that he tries to press now. The untimely nature of this claim is underscored by the fact that this action spent over a year and a half pending in arbitration during which time, as demonstrated by the current pleadings, significant resources were expended by both parties. Neary's attempt to have this Court reconsider its decision at this late date is inappropriate.

Neary also makes a related argument that the NASD arbitration process is unfair and biased against plaintiffs, at least in regard to employment claims. Given this Court's conclusions, as discussed below, regarding the decision of the arbitration panel in this case, this argument does not need to be addressed and the Court expresses no opinion on the issues raised.

■ After careful review of the voluminous pleadings submitted by the parties, the Court finds that the central issue arising from the arbitration proceedings is whether the arbitration panel's decision to grant summary judgment in favor of Prudential was in manifest disregard of the law. The Court holds that based on the record of the arbitration proceedings there is no doubt that the panel's decision must be vacated on this ground.

Neary brings wrongful termination claims predicated upon Conn. Gen.Stat.

---

1. In particular, the FAA provides that an award may be vacated under the following circumstances:

    (1) Where the award was procured by corruption, fraud, or undue means.

    (2) Where there was evident partiality or corruption in the arbitrators, or either of them.

    (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and ma-

terial to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

    (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C.A. § 10(a)(1)-(4) (West 1999). These particular provisions are not relevant to the current ruling.

§ 31–51q and *Sheets v. Teddy's Frosted Foods, Inc.*, 179 Conn. 471, 427 A.2d 385 (Conn.1980). To establish his claims, Neary must show that Prudential terminated him either, respectively, for exercising his First Amendment Rights or in violation of public policy. Therefore, these claims depend in large measure on resolving the issue of Prudential's intent.

Neary clearly identified for the arbitration panel the proper and relevant legal standard for summary judgment. As particularly relevant to the current motions, in his memorandum in opposition to Prudential's motion for summary judgment, he stated (1) "when ruling on a motion for summary judgment, the arbitration panel must resolve all ambiguities and draw all inferences in the light most favorable to the party opposing the motion," (Mem. Supp. Mot. Relief Stay Ex. 34 at 12 (citing *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1223 (2d Cir.1994))), (2) the "task in deciding a motion for summary judgment 'is carefully limited to discerning whether there are any issues of material fact to be tried, not to deciding them,'" (*id.* (quoting *LaFond v. General Physics Servs. Corp.*, 50 F.3d 165, 171 (2d Cir. 1995))), and (3) "[i]f, as to the issue on which summary judgment is sought, there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the non-moving party, summary judgment is improper[,]" (*id.* at 13 (quoting *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 37 (2d Cir.1994))).

It is unquestionable that the arbitration panel manifestly disregarded the standard for summary judgment. The record in this case provides overwhelming evidence to support an inference that Neary was wrongfully terminated. The record shows that, *inter alia*, Prudential documents referred to Neary as a "union instigator," (*see* Mem. Supp. Mot. Relief Stay Ex. 13 at 1), Prudential knew that Neary was associ-ated with Francis Plante ("Plante"), a now-terminated Prudential agent who apparently was involved in whistle-blowing activities about Prudential, (*see id.*), Prudential deposed Neary as part of its defense against a suit by Plante and then terminated Neary about one month later allegedly based on information Neary provided during that deposition, and Neary procured disciplinary records of other Prudential agents that suggest that Prudential does not always terminate an employee for the types of company violations Neary admitted to committing, (*see* Mem. Supp. Mot. Relief Stay Ex. 35). These facts undeniably raise a genuine issue of material fact in regard to Prudential's motivation for terminating Neary. On a motion for summary judgment, that is all the law requires.

Although it is not clear from the written decision, the panel appears to have disregarded this evidence and certainly disregarded the requirement that all reasonable inferences must be drawn in favor of the non-movant on a motion for summary judgment. Indeed, this conclusion is reinforced by the fact that after a recess during argument on the summary judgment motion, the panel returned and merely questioned Neary at length about why he did not disclose to Prudential one of the alleged company violations he admitted at his deposition, *i.e.*, that he was sharing commissions with Plante.[2] (*See* Prudential's Brief Opp. Neary's Mot. Vacate and Supp. Cross–Mot. Confirm Arbitration Award Ex. 9 at 101–16.) This questioning suggests that the panel's focus was on whether Prudential had valid grounds for terminating Neary, not on whether the evidence when properly construed in favor of Neary gives rise to a genuine issue of material fact about Prudential's motivation. The failure of the arbitration panel to explain its decision in this case also buttresses this Court's determination. *See Halligan*, 148 F.3d at 204 (stating "we

---

**2.** The Court notes the unusual nature of taking testimony from an individual at an argument on a summary judgment motion. However, given that arbitration is an informal process, the Court declines to place much weight on this occurrence. Of course, this informality cannot extend to ignoring the standard for summary judgment.

believe that when a reviewing court is inclined to hold that an arbitration panel manifestly disregarded the law, the failure of the arbitrators to explain the award can be taken into account").[3]

### CONCLUSION

For the reasons stated above, Neary's Application to Vacate Arbitration Award [doc. # 22] is GRANTED and Prudential's Cross–Motion to Confirm the Arbitration Award [doc. # 26] is DENIED. The stay in this case is ENDED and the parties are ORDERED to submit a proposed scheduling order within thirty days of this ruling.

---

**3.** The record in this case strongly indicates that the arbitration panel did not base its ruling in favor of Prudential on motion to dismiss grounds. The failure of the panel to explain its decision complicates this determination. However, the Court finds that the cases Prudential cited in support of its motion clearly do not warrant dismissal of Neary's Conn. Gen.Stat. § 31–51q claim or his *Sheets* wrongful termination claim. Thus, to the extent the panel relied on motion to dismiss grounds in its ruling that decision would also be in manifest disregard of the law. Neary does not press his CUTPA claim at this point, (*see* Mem. Supp. Mot. Relief Stay at 10), and the Court considers that claim abandoned.